UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

Plaintiffs,

v.

U.S. BUREAU OF LAND MANAGEMENT, *et al.*,

Defendants.

Case No. 1:25-cv-00140-JLT-CDB

ORDER DENYING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO STAY DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

(Docs. 52, 55)

**Relevant Background**

Plaintiffs Center for Biological Diversity, The Wilderness Society, Friends of the Earth, Sierra Club, and Central California Asthma Collective (collectively, "Plaintiffs") initiated this action on February 4, 2025, with the filing of a complaint against Defendants U.S. Bureau of Land Management ("BLM"), the BLM Field Manager, Douglas Burgum in his capacity as Secretary of the U.S. Department of the Interior, Joseph Stout in his capacity as California State Director of BLM, and John Hodges in his capacity as the Assistant Field Manager of Minerals of BLM (collectively, "Federal Defendants"), and organizational Defendants Holmes Western Oil Corporation ("Holmes") and Chevron U.S.A Incorporated ("Chevron") (Holmes, Chevron, and Federal Defendants hereinafter "Defendants"). (Doc. 1).

On April 25, 2025, Federal Defendants and Defendants Chevron and Holmes filed separate motions to dismiss which have been fully briefed and submitted for written decision before the Court. (Docs. 24, 25, 40).

Plaintiffs filed the pending motion for summary judgment on September 25, 2026. (Doc. 50).

On October 2, 2026, Federal Defendants filed a motion for administrative relief to stay the deadline for Defendants to respond to Plaintiffs' motion for summary judgment until after the Court has ruled on Defendants' motions to dismiss and the certified administrative record has been lodged. (Doc. 52). In support, Federal Defendants argue that the motions to dismiss remain pending for decision, Defendants have not answered the complaint, no certified administrative record has been filed, and the motion for summary judgment therefore is premature. *See id.* Organizational Defendants Holmes and Chevron joined in support of Federal Defendants' motion for administrative relief on October 7, 2026, asserting substantially the same arguments. (Doc. 53).

That same day, Plaintiffs filed an opposition to the motion for administrative relief (Doc. 54), arguing that Defendants do not "make out a clear case" for a stay of all deadlines related to Plaintiffs' motion for summary judgment until the motions to dismiss are decided (*id.* at 1, citing *Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936)).

On October 9, 2026, the Court, having considered and balanced the relevant factors under *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), issued a text order denying Defendants' motion for administrative relief for the reasons set forth in the Court's forthcoming order. (Doc. 55).

This order sets forth the Court's reasoning for denying Defendants' motion.

**Governing Authority**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis*, 299 U.S. at 254-55; *accord CMAX*, 300 F.2d at 268. In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite,

[courts] require a greater showing to justify it." *Id*. The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). "In determining whether to grant a stay, courts generally consider whether doing so would cause undue prejudice or present a clear tactical disadvantage to the non-moving party." *ASCII Corp. v. STD Ent. USA, Inc*., 844 F. Supp. 1378, 1380 (N.D. Cal. 1994). So long as there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

**<u>Discussion</u>**

The Court finds Defendants fail to carry their burden of demonstrating that the *CMAX* factors favor staying the briefing schedule on Plaintiffs' pending motion for summary judgment. *Clinton*, 520 U.S. at 708.

First, because there is a "fair possibility" that a stay will harm Plaintiffs, Defendants must demonstrate a "clear case" that they will experience hardship or inequity if they are required to move forward in responding to Plaintiffs' motion for summary judgment. *Landis*, 299 U.S. at 255. Specifically, Plaintiffs demonstrate that they genuinely face the risk of serious harm if the requested stay is granted because Chevron and Holmes may begin drilling the oil and gas wells at issue as soon as the beginning of the new year, notwithstanding Chevron and Holmes informed Plaintiffs "that they had no present plans to drill through at least the end of [this] year" (Doc. 53 at 3). Although Defendants reasonably argue that their earlier-filed motions to dismiss on standing grounds should be adjudicated before the Court considers the parties' summary judgment briefing given that the motions to dismiss may be dispositive of the action, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005).

Second, the *CMAX* factors, on balance, do not weigh in favor of staying briefing on Plaintiffs' motion for summary judgment. As set forth above, a stay of summary judgment briefing would effectively prevent Plaintiffs from timely seeking the relief they seek by their motion (*i.e.*, preventing the unlawful drilling of oil wells). And as found above, while the Court acknowledges that, absent a stay, Defendants will experience the burden of responding to Plaintiffs' summary judgment motion, that incidental burden is inherent in all litigation and is not a persuasive basis under the circumstances here for halting proceedings. Finally, Defendants' decision to decline Plaintiffs' offer to stipulate to materials composing the certified administrative record in connection with Plaintiffs' motion for summary judgment (Doc. 52 at 2) undermines the orderly and efficient course of this action as Defendants' cooperation in that regard would serve the interests of simplifying the issues and streamlining the litigation. Staying briefing on Plaintiffs' motion for summary judgment would essentially reward Defendants for opting to forbear from resolving issues relating to the administrative record.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Defendants' motion for administrative relief to stay the deadline for Defendants to respond to Plaintiffs' motion for summary judgment (Docs. 52, 53) is DENIED.

IT IS SO ORDERED.

Dated: **October 13, 2026**

UNITED STATES MAGISTRATE JUDGE