MICHELLE GHAFAR (CA Bar No. 315842)
mghafar@earthjustice.org
(Designated as counsel for service)
Earthjustice
180 Steuart Street, #194330
San Francisco, CA 94105
Tel: (415) 217-2186 / Fax: (415) 217-2040

ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
Tel: (206) 531-0841 / Fax: (206) 343-1526

ANDRIA H. SO (CA Bar No. 341595)
aso@earthjustice.org
Earthjustice
707 Wilshire Boulevard, Suite 4300
Los Angeles, CA 90017
Tel: (415) 217-2000 / Fax: (415) 217-2040

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

Plaintiffs,

v.

U.S. BUREAU OF LAND MANAGEMENT, et al.,

Defendants.

Civ. No. 1:25-cv-00140-JLT-CDB

**PLAINTIFFS' OPPOSITION TO DEFENDANTS CHEVRON U.S.A. INC.'S AND HOLMES WESTERN OIL CORPORATION'S JOINT MOTION FOR ADMINISTRATIVE RELIEF AND EXTENSIONS OF TIME**

Filed: February 4, 2025
District Judge: Hon. Jennifer L. Thurston
Magistrate Judge: Hon. Christopher D. Baker

## INTRODUCTION

This Court should adopt the agreed extensions reflected in Defendants Chevron U.S.A. Inc. ("Chevron") and Holmes Western Oil Corporation's ("Holmes Western's") Alternative Proposed Order, ECF No. 62-2. All Parties agree to the Alternative Proposed Order briefing schedules, which accommodate defense counsel's family-care leave and stagger Chevron and Holmes Western's filings after Federal Defendants' filings to avoid unnecessary duplication. These schedules would complete all briefing by January 27, 2027, before the earliest drilling date based on the companies' current representations. The Court should enter Defendants' Alternative Proposed Order, ECF No. 62-2.

The Court should therefore reject Chevron and Holmes Western's disputed Proposed Order, ECF No. 62-1, which includes a request to delay summary judgment briefing until the Court resolves their Federal Rule of Civil Procedure 56(d) motion. Their request effectively amounts to yet another attempt to secure a stay, which this Court already rejected because Defendants did not—and still cannot—meet their burden to establish the need for a stay in this case. Order Denying Defs.' Mot. for Admin. Relief to Stay Deadline to Respond to Pls.' Mot. for Summ. J. ("Order Denying Stay"), ECF No. 56. Furthermore, Defendants' Rule 56(d) motion is meritless because they fail to satisfy the legal standard requiring them to identify specific facts essential to their opposition to the summary judgment motion that they cannot presently present. *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). This case should thus finally proceed to the merits on the Parties' agreed-upon schedule.

## ARGUMENT

The Court should adopt the stipulated briefing schedules for Defendants' forthcoming motions to dismiss and Plaintiffs' motion for summary judgment laid out in Chevron and Holmes Western's Alternative Proposed Order, ECF No. 62-2. Defendants Chevron and Holmes Western recently informed Plaintiffs that they may begin drilling the challenged wells as early as January 28, 2027. The briefing schedules in the Alternative Proposed Order allow the case to be fully briefed before that date, permitting the Court to reach the merits before the wells will begin emitting pollutants that expose Plaintiffs' members to health, environmental, and other injuries.

For these reasons, Chevron and Holmes Western's request to delay summary judgment briefing yet again until the Court resolves their Rule 56(d) motion should be rejected. Defendants are essentially

renewing their request for a stay, without citing the governing legal standard for a stay nor attempting to explain how that standard is now satisfied. The Court's prior order correctly identifies the three factors governing a stay: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of [law] which could be expected to result from a stay." Order Denying Stay at 3 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Chevron and Holmes Western fail to "make out a clear case" for a stay of all deadlines related to Plaintiffs' motion for summary judgment until a ruling on the Rule 56(d) motion. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

First, "Plaintiffs demonstrate that they genuinely face the risk of serious harm if the requested stay is granted because Chevron and Holmes may begin drilling the oil and gas wells at issue." Order Denying Stay at 3. Under Defendants' preferred Proposed Order, even if their Rule 56(d) motion is promptly denied, Federal Defendants would receive 45 days after denial to file their summary judgment responses and cross-motions, and Chevron and Holmes Western would receive 52 days. ECF No. 62-1 at 2. This means that as a practical matter, summary judgment could not be fully briefed before drilling may commence under Defendants' preferred Proposed Order. By contrast, the Alternative Proposed Order Plaintiffs have stipulated to supplies fixed dates through January 27, 2027, allowing briefing to conclude before drilling can occur. ECF No. 62-2 at 2.

Second, while absent a stay, "Defendants will experience the burden of responding to Plaintiffs' summary judgment motion, that incidental burden is inherent in all litigation and is not a persuasive basis under the circumstances here for halting proceedings." Order Denying Stay at 4. Chevron and Holmes Western's assertion that merits briefing would be wasted without an administrative record prior to a ruling on their Rule 56(d) motion makes little sense, Defs. Chevron and Holmes Western Joint Mot. for Admin. Relief and Extensions of Time at 4, ECF No. 62, most notably because this is a situation of their own making. As this Court already recognized, it is "Defendants' decision to decline Plaintiffs' offer to stipulate to materials composing the certified administrative record in connection with Plaintiffs' motion for summary judgment" that "undermines the orderly and efficient course of this action as Defendants' cooperation in that regard would serve the interests of simplifying the issues and

streamlining the litigation." Order Denying Stay at 4. Then as now, "[s]taying briefing on Plaintiffs' motion for summary judgment would essentially reward Defendants for opting to forbear from resolving issues relating to the administrative record." *Id.*

Third, Defendants have not established that a stay would promote the orderly course of justice in this case. Where, as here, the operative agency decisions and documents central to Plaintiffs' claims are publicly available and before the Court, and the claims turn on omissions apparent on the face of BLM's own environmental documents, decision records, and emissions calculations, all of which are currently before the Court as appended to Plaintiffs' motion for summary judgment, courts have dispensed with the formality of waiting for the agency to batestamp and certify the record before reaching summary judgment. *See Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 683–84 (N.D. Cal. 2020) ("While plaintiffs, rather than the agency, compiled and submitted those documents, they can still be considered part of the administrative record."); *State v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1116 (N.D. Cal. 2017) (addressing plaintiffs' summary judgment motion made before the administrative record was certified because court does not need to "wait for the administrative record to resolve the legal issues that are currently before the Court"); *contra* Chevron and Holmes Western Joint Mem. in Supp. of Mot. to Deny or Defer Pls.' Mot. for Summ. J., ECF No. 61-1.

Furthermore, Defendants' Rule 56(d) motion should fail and therefore cannot be used as a basis to delay Plaintiffs from obtaining timely relief before drilling begins. Rule 56(d) requires Defendants to identify specific facts they cannot presently present and explain why those facts are essential to opposing Plaintiffs' summary judgment motion. *Fam. Home & Fin. Ctr., Inc.*, 525 F.3d at 827. Defendants fail to do so in their Rule 56(d) motion; instead of identifying specific facts they cannot presently present that are essential to opposing summary judgment, they speculate that the eventual administrative record *may* contain additional materials that "may be pertinent" to the companies' defenses. *See* Marotta Decl. ¶ 4, ECF No. 61-2; Sammut Decl. ¶ 4, ECF No. 61-3. But a document's possible "pertinence" is not a showing that it contains a specific fact essential to opposing summary judgment. *See, e.g.*, *Fam. Home & Fin. Ctr.*, 525 F.3d at 827–28 (affirming denial of a continuance where the evidence sought was only "generically relevant" and the requesting party failed to show it was "essential" to oppose summary judgment); *Tatum v. City & County of San Francisco*, 441 F.3d 1090,

1100–01 (9th Cir. 2006) (affirming denial of a continuance where counsel identified deposition transcripts he had not yet received but neither specified the facts they contained nor explained why those facts would have precluded summary judgment). Moreover, Rule 56(d) protects a party that "cannot present" essential facts, whereas here Defendants acknowledge that at least some of the documents they claim may be part of the ultimate certified record are "publicly available." *See* Marotta Decl. ¶ 4, ECF No. 61-2; Sammut Decl. ¶ 4, ECF No. 61-3. There is no reason to delay summary judgment for record materials Defendants can readily present to the Court. As such, Defendants' meritless Rule 56(d) motion does not justify a stay in this case.

**CONCLUSION**

For the reasons stated above, this Court should reject Defendants' continued attempt to delay this case and adopt the stipulated briefing schedules in Chevron and Holmes Western's Alternative Proposed Order, ECF No. 62-2.

Respectfully submitted,

Dated: November 10, 2026

/s/ Elizabeth B. Forsyth

ELIZABETH B. FORSYTH
(CA Bar No. 288311)
eforsyth@earthjustice.org
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
Tel: (206) 531-0841 / Fax: (206) 343-1526

MICHELLE GHAFAR (CA Bar No. 315842)
mghafar@earthjustice.org
Earthjustice
180 Steuart Street, #194330
San Francisco, CA 94105
Tel: (415) 217-2186 / Fax: (415) 217-2040

ANDRIA H. SO (CA Bar No. 341595)
aso@earthjustice.org
Earthjustice
707 Wilshire Boulevard, Suite 4300
Los Angeles, CA 90017
Tel: (415) 217-2000 / Fax: (415) 217-2040

*Counsel for Plaintiffs*