UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00140-JLT-CDB<br><br>ORDER GRANTING DEFENDANTS CHEVRON U.S.A. INC. AND HOLMES WESTERN OIL CORPORATION'S JOINT MOTION FOR ADMINISTRATIVE RELIEF<br><br>ORDER EXTENDING DEADLINE TO FILE RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND STAYING DEFENDANTS' DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 64) |

**<u>Relevant Background</u>**

On October 13, 2026, the undersigned denied Defendants' motion for administrative relief to stay the deadline to respond to Plaintiffs' initial motion for summary judgment, finding that Defendants failed to demonstrate a stay of the briefing schedule on the motion was appropriate. (Doc. 56). Defendants sought reconsideration of that order by the presiding district judge. (Doc. 57).

On October 28, 2026, the presiding district judge (1) granted Defendants' motions to dismiss for lack of standing with leave to amend, (2) denied Plaintiffs' motion for summary judgment for lack of jurisdiction, and (3) denied as moot Defendants' motion for reconsideration of the order denying the motion for administrative relief. (Doc. 58). The Court ordered that any

amended complaint must be filed within 30 days. *Id.* at 11. Two days later, Plaintiffs filed the first amended complaint ("FAC"). (Doc. 59).

That same day, Plaintiffs filed a renewed motion for summary judgment. (Doc. 60). On November 4, 2026, Defendants Chevron and Holmes filed a motion to deny or defer Plaintiffs' renewed motion for summary judgment under Federal Rule of Civil Procedure 56(d) until a certified administrative record is filed. (Doc. 61).

**<u>Defendants' Pending Motion for Administrative Relief</u>**

On November 6, 2026, Defendants Chevron and Holmes filed a joint motion for administrative relief to extend the deadline to file a response to Plaintiffs' FAC and to stay the deadline to respond to Plaintiffs' renewed motion for summary judgment. (Doc. 62). Chevron and Holmes seek: (A) a one-week extension to file their responses to the FAC and enter a briefing schedule on Defendants' anticipated motions to dismiss; (B) an extension of time for Defendants to respond to Plaintiffs' motion for summary judgment until the Court decides Chevron and Holmes's Rule 56(d) motion; and (C) alternatively, if the Court denies the request to postpone briefing on the summary judgment motion until the Rule 56(d) motion is decided, to grant Chevron and Holmes a one-week extension of time to file their oppositions and cross-motions for summary judgment and for their cross-replies, with reservation of their right to seek reconsideration of the denial of the relief sought in (B). *Id.* at 2. Federal Defendants consent to the relief requested. However, Plaintiffs consent only to the relief requested in (A) and (C) but oppose the relief requested in (B). *Id.* Chevron and Holmes represent good cause exists for the requested relief because Defendants intend to again move to dismiss Plaintiffs' FAC for lack of standing and the relief would conserve party resources given the lack of a certified administrative record in this case. *Id.* at 3-5.

To have the benefit of Plaintiffs' response to Chevron and Holmes's motion for administrative relief sufficiently in advance to permit granting effective relief, on November 9, 2026, the Court ordered Plaintiffs to file a response to the motion for administrative relief no later than November 10, 2026. (Doc. 63). Plaintiffs complied in filing a response to the pending motion for administrative relief (Doc. 64), arguing that the Court should adopt the alternative,

proposed briefing schedules to which all parties agree, and deny Chevron and Holmes's request to delay summary judgment briefing until the Court resolves their Rule 56(d) motion for the same reasons the Court denied Defendants' initial motion for administrative relief to stay the deadline to respond to Plaintiffs' initial motion for summary judgment.

**Discussion**

The undersigned previously denied Defendants' request to stay briefing on Plaintiffs' initial motion for summary judgment based, in part, on the fact that defending a suit, without more, does not constitute a clear case of hardship or inequity sufficient to warrant granting a stay, (*see* Doc. 56 at 3) (citing *Lockyer v. Mirant Corp.*,, 398 F.3d 1098, 1112 (9th Cir. 2005)), and because the factors under *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), on balance, did not weigh in favor of staying briefing on Plaintiffs' initial motion for summary judgment, *id.* at 4.

That analysis and conclusion do not necessarily compel the same result with respect to Defendants' current request to stay briefing on Plaintiff's renewed motion for summary judgment. Importantly, since entry of the undersigned's original order, the Court granted Defendants' motions to dismiss because Plaintiffs "have not demonstrated that they have standing to assert claims in their own right or on behalf of their members" and "the Court lacks jurisdiction" such that "it cannot hear the pending motion for summary judgment" (Doc. 56 at 1). Although Plaintiffs have since filed an amended complaint in which they seek to remedy the pleading deficiencies noted by the Court relating to standing, in light of the Court's finding that Plaintiffs lack standing and Defendants' intent to seek dismissal again, the balance of *CMAX* factors weighs in favor of staying briefing on Plaintiffs' summary judgment motion. In short, given the uncertainty about Plaintiffs' standing and the Court's jurisdiction, the orderly course of justice warrants a stay of the briefing schedule on Plaintiffs' renewed motion for summary judgment until the Court resolves Chevron and Holmes's Rule 56(d) motion (Doc. 61). Therefore, the Court will grant the relief requested in (A) and (B) of Chevron and Holmes's motion for administrative relief (*see* Doc. 62 at 2).

Separately, in their proposed order, Defendants request that the Court extend

significantly their time to respond to Plaintiffs' motion for summary judgment if their Rule 56(d) motion is denied (*see* Doc. 62-1). No explanation is offered as to why such a significant extension is warranted; accordingly, the Court will require Defendants to respond to the summary judgment motion within 14 days of any denial of their Rule 56(d) motion.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The motion of Defendants Chevron U.S.A. Inc. and Holmes Western Oil Corporation for administrative relief (Doc. 62) is GRANTED;
2. The Court sets the following briefing schedule on Defendants' anticipated motions to dismiss Plaintiffs' first amended complaint:
    a. Federal Defendants SHALL FILE any motion to dismiss the first amended complaint no later than **November 13, 2026**;
    b. Defendants Chevron U.S.A. Inc. and Holmes Western Oil Corporation SHALL FILE any motion to dismiss the first amended complaint no later than **November 20, 2026;**
    c. Plaintiffs SHALL FILE a combined opposition to any motions to dismiss the first amended complaint no later than **December 11, 2026**; and
    d. Defendants SHALL FILE their replies in support of their respective motions to dismiss no later than **December 21, 2026**.
3. The deadline for Defendants to file a response to Plaintiffs' renewed motion for summary judgment (Doc. 60) is STAYED pending the Court's ruling on the pending Rule 56(d) motion of Defendants Chevron U.S.A. Inc. and Holmes Western Oil Corporation (Doc. 61); and

///

///

///

4. If the Rule 56(d) motion (Doc. 61) is denied, Defendants SHALL FILE their responses to Plaintiffs' motion for summary judgment within 14 days of the date of any denial of the Rule 56(d) motion.

IT IS SO ORDERED.

Dated: **November 12, 2026**

UNITED STATES MAGISTRATE JUDGE